ACCEPTED
04-14-00751-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/1/2015 2:41:33 PM
KEITH HOTTLE
CLERK

NO. 04–14–00751–CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/1/2015 2:41:33 PM
KEITH E. HOTTLE
Clerk

JOSEFINA ALEXANDER GONZALEZ, ET AL,

Appellants,

v.

RAYMOND S. DE LEON II, ET AL,

Appellees.

_____

**APPELLEE RAYMOND S. DE LEON'S RESPONSE TO
APPELLANTS' POST–SUBMISSION BRIEF**

_____

JUDITH R. BLAKEWAY
State Bar No. 02434400
Judith.Blakeway@strasburger.com
JAMES MAVERICK MCNEEL
State Bar No. 24035491
James.McNeel@strasburger.com
LAURA C. MASON
State Bar No. 24028227
Laura.Mason@strasburger.com
2301 Broadway
San Antonio, Texas  78215
Telephone:  (210) 250-6000
Facsimile:  (210) 250-6100


**ATTORNEYS FOR APPELLEE
RAYMOND S. DE LEON II, TRUSTEE**

1887483.1/SPSA/26517/0102/070115

**Argument**

There are two independent reasons supporting the trial court's dismissal of Appellants' trust administration claims. First, Appellants have no standing to assert trust administration claims because they are not "affected by the administration" of the Family Trust. Second, the trial court correctly dismissed the trust administration claims because Webb County Court at Law No. 2 had acquired dominant jurisdiction. Appellants never address the second basis. Thus, even if they had standing to bring trust administration claims—which is not conceded—the trial court correctly dismissed those claims because of the prior pending action in County Court at Law No. 2. Because either reason is a sufficient basis to affirm the trial court's dismissal of the trust administration claims, it is not necessary for this Court to reach the issue of standing.

If the Court nevertheless decides to address the trust administration standing issue, Appellants had no standing to assert trust administration claims. Appellants were not affected by De Leon's status as a limited partner in limited partnerships which they control by virtue of their control over the limited liability company that is the general partner of the partnerships. And they had no standing under the statute attached to their post submission brief, Texas Property Code Section 112.054. Under Section 112.054, standing is limited to a trustee or beneficiary ("on the petition of a trustee or beneficiary a court may order that the trustee be changed,

2

that the terms of the trust be modified. . . .") TEX. PROP. CODE §112.054(a).  So the trial court correctly ruled that Appellants lacked standing.

**Management v. appointment.**  Appellants disclaim any intent to control the successor trustee, but they want to control who can become their partner because they want to maintain control of the partnerships. They want to assure that whoever is appointed will not interfere with their management of the partnerships.

**Voting interest.** Appellants claim that they are affected by the trustee's appointment because the trust has enough votes to prevent the other partners from amending or terminating the partnership agreements.  This is a spurious argument. Because they are in control, they have no desire to amend or terminate the partnerships.  This is like saying, "the rich as well as the poor have the right to sleep under bridges."  True, but why would they want to?

Moreover, that the trust has a vote as a limited partner is insufficient to confer standing on other partners to challenge appointment of the trustee.  Appellants have an interest in the partnership; they have no interest—pecuniary or otherwise—in the trust.  Their purported interest in the trust is even more attenuated than the interests found insufficient in the cases cited at Appellee's Brief pp. 13–14. If those parties do not have standing to sue, then neither do Appellants.

**Standing v. merits.** It is ironic that Appellants base their claim to standing on their duty to see that the trust's intent and partnership purposes are fulfilled.  The very reason that Appellees sued is because Rocio Guerra and her children, the only

descendants of settlors Delfina and Josefina, and the intended beneficiaries of their bounty, have not received pro rata distributions from partnerships, of which they own 90 percent.

It is also ironic that Appellants now make a distinction between standing and merits, when their whole argument is premised on the assumption that De Leon's appointment was void, which addresses the merits, which the trial court never reached because it found Appellants did not have standing.

Appellants also claim that they had standing because they were ordered to produce books and records, which their partner indisputedly had a right to examine. If their theory of standing were correct, any entity subpoenaed to produce records pertaining to a trust—for example, financial institutions or accounting firms—would have standing to challenge a trustee's appointment. Standing is not that broad.

**Effect of appointment.** Finally, Appellants claim that they have standing because of the relief sought in the trustee's derivative action. It is apparent that Appellants' real interest is not only in controlling the process by which the trustee is selected, but also controlling the trustee himself, so that they can continue to use the partnerships for their own benefit, depriving the intended beneficiaries of their inheritance.

None of this is to say that Appellants are without recourse. But their recourse is not to challenge the process by which the trustee was appointed but to bring their trust administration claims in Webb County Court at Law No. 2, where the district

court properly ordered that these claims be pursued. Allowing Appellants to bypass that court would circumvent the rulings of the county court, interfering with the jurisdiction of the court having dominant jurisdiction.

## Conclusion

The trial court correctly sustained the plea to the jurisdiction that Appellants lacked standing, ordered that trust administration claims must be brought in the pending actions in Webb County Court No. 2 and dismissed the remaining claims. Those orders should be affirmed.

Respectfully submitted,

STRASBURGER & PRICE, LLP

By: /s/ Judith R. Blakeway
    JUDITH R. BLAKEWAY
    State Bar No. 12434400
    JAMES MAVERICK MCNEEL
    State Bar No. 24035491
    LAURA C. MASON
    State Bar No. 24028227
    2301 Broadway
    San Antonio, Texas  78215
    Telephone:  (210) 250-6000
    Facsimile:  (210) 250-6100

    **ATTORNEYS FOR APPELLEE
    RAYMOND S. DE LEON, II,
    TRUSTEE OF THE DELFINA &
    JOSEFINA ALEXANDER FAMILY
    TRUST**

<u>**CERTIFICATE OF COMPLIANCE**</u>

In accordance with Tex. R. App. P. 9.4(i)(1), I hereby certify that this Response to Appellants' Post–Submission Brief contains no more than 827 words.

/s/ Judith R. Blakeway
Judith R. Blakeway

# CERTIFICATE OF SERVICE

Pursuant to E-Filing Standing Order, I certify that on July 1, 2015, I electronically filed the foregoing with the Clerk of Court using the EFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

Robinson C. Ramsey
State Bar No. 16523700
rramsey@langleybanack.com
Joyce W. Moore
State Bar No. 14357400
jwmoore@langleybanack.com
Paula C. Boston
State Bar No. 24089661
pboston@langleybanack.com
Langley & Banack, Inc.
745 E. Mulberry, Ste. 900
San Antonio, Texas 78212–3166
Telephone: (210) 736–6600
Facsimile: (210) 735–6889
*Attorneys for Appellants*

Jeffrey T. Knebel
State Bar No. 11589000
Osborne, Helman, Knebel & Scott, LLP
301 Congress Ave., Suite 1910
Austin, TX 78701
Telephone: (512) 542–2015
Facsimile: (512) 541–2011
jtknebel@ohkslaw.com

Tom Bassler
State Bar No. 01894300
Thomas G. Bassler, P.C.
306 W. Sunset, Suite 119
San Antonio, Texas 78209
Telephone: (210) 836–8885
Facsimile: (210) 826–2236
thomas@basslerlaw.com

Jesus "Jesse" Guillen
State Bar No. 24011090
1308 San Augustin
Laredo, TX 78040
Telephone: (956) 725–5899
Facsimile: (877) 874–6560
jguillen@guillenlawoffice.com
*Attorneys for Appellee*
*Rocio Guerra*

   /s/ *Judith R. Blakeway*
Judith R. Blakeway